# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ABIGAIL HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 2193 |
| | ) | |
| TARGET CORPORATION, a | ) | Magistrate Judge Maria Valdez |
| Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Target Corporation's ("Target") Motion for Summary Judgment [Doc. No.43]. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a), as the parties are diverse and the amount in controversy is greater than $75,000. On June 1, 2007, the parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(a). Through a one-count complaint, Plaintiff sued Target for negligence based on injuries she allegedly suffered at Defendant's store. The Court finds that there is a genuine issue of material fact in this case and Target's motion for summary judgment is denied.

### Background

On July 1, 2006, Abigail Herrera ("Herrera" or "Plaintiff") was shopping with her husband at the Target store located at 2901 South Cicero Avenue, Cicero, Illinois. (Def.'s LR 56.1 Stmt., ¶¶ 2,3.) Herrera turned and walked down an aisle when she observed two men to the right of her facing a set of shelves approximately ten feet in front of her. (*Id.* ¶¶ 7,10,14.) She testified that at the time of the accident she was carrying a blouse. (*Id.* ¶ 8.)

Prior to Herrera walking down the aisle, another Target customer, Thomas Fernandez ("Fernandez"), asked Target employee Jerry Dickinson to help him find Lipton Diet Green Tea. (*Id.* ¶¶ 16, 20.) Fernandez testified that Dickinson's leg was in the aisle when Herrera turned to walk down the aisle. (*Id.* ¶ 23.) Fernandez further testified that Dickinson's leg was extended out when Herrera started to go over Dickinson to pass. Plaintiff disagrees with this characterization of the testimony and states that Fernandez never testified that Dickinson's leg was in the aisle. (Pl.'s LR 56.1 Resp., ¶ 23.) But, Fernandez did testify that "[a]s [Herrera] was coming around, she was going over him because his leg was extended out." (Def.'s LR 56.1 Stmt., ¶¶ 23,24, Ex. C, Fernandez Dep. at 17.) And Plaintiff agreed with the Defendant's fact statement that Mr. Fernandez saw Herrera attempt to step over the employee's extended leg. (Pl.'s LR 56.1 Resp., ¶ 24.) Although, Plaintiff disagreed with Defendant's fact statement that the employee's leg was extended out in the aisle as Herrera came around the corner, Plaintiff fails to cite to anything in the record to support its disagreement. (Pl.'s LR 56.1 Resp., ¶ 23.) *Id*. As a result, Defendant's articulation of this fact is undisputed.[1]

A major bone of contention among the parties is whether Herrera noticed Dickinson's leg in the aisle prior to tripping over it. As stated above, Plaintiff has implicitly acknowledged that the Target employee's leg was extended out into the aisle as he was kneeling as she came around the corner. But, she had also testified that she did not see the employee until she was ten feet away and when she was about to pass, the employee stuck out his foot and she tripped. (Pl.'s

---

[1] Plaintiff is required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B). Because Plaintiff's statement fails to dispute the fact set forth in the moving party's statement at ¶23 with a specific reference to the record, the fact is deemed admitted for purposes of the motion. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Statement of Add. Facts, ¶2) In a slightly different variation, Plaintiff testified that when she was close to Dickinson he bent down and she fell. (Pl.'s LR 56.1 Resp., ¶ 11; Stmt. of Add. Facts ¶ 2.) Dickinson was not aware that Herrera was in his vicinity until after the fall. (*Id.* ¶ 42.) Thus, this Court has before it inconsistent positions taken by the plaintiff: 1) that, by application of N.D. Ill. R. 56.1(b)(3)(B), the Target employee's leg was already out as Herrera turned the corner; and 2) that the Target employee's leg was not sticking out until Herrera was about to pass the employee. Even with this inconsistency, all facts are construed in the light most favorable to Herrera. See, e.g., *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

In response, Plaintiff relies upon opposing materials filed pursuant to Rule 56(b)(1). Plaintiff's reliance on a tape-recorded statement of witness Fernandez, (Pl.'s LR 56.1(b)(1), Ex. E), and a one-page handwritten statement of witness Dickinson, (Pl.'s LR 56.1(b)(1), Ex. F) is disallowed. To defeat Target's motion for summary judgment, Herrera may rely only on admissible evidence. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir.2009); *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir.2007). Both Exhibit E and F lack an adequate foundation, authentication and are on the face of the documents, hearsay. Because the exhibits lack foundation, the court cannot consider it on summary judgment. *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002) ("In granting summary judgment, the court may consider any evidence that would be admissible at trial.") And, if evidence is inadmissible hearsay, it may not be considered. *Schindler v. Seiler*, 474 F.3d 1008, 1012 (7th Cir. 2007).

## Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). The moving party is responsible for demonstrating to the Court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S., 242, 254-56 (1986).

A disputed fact is material if the fact might affect the outcome of the case. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether she is ruling on a motion for summary judgment or for a directed verdict." *Freeman v. Madison Metro. Sch. Dist.*, 231 F. 3d 374, 379 (7th Cir. 2000) (quoting *Anderson,* 477 U.S. at 255). If the evidence is merely colorable or is not significantly probative or is no more than a mere scintilla, summary judgment may be granted. Anderson, 477 U.S. at 249-50. It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the non-moving party bears the responsibility of identifying the evidence upon which they rely. See *Bombard v. Fort Wayne Newspapers, Inc*., 92 F.3d 560, 562 (7th Cir. 1996).

It is the responsibility of the Court, with or without a motion to strike, to review statements of material fact and to eliminate from consideration any arguments, conclusions, and assertions that are unsupported by the documented evidence on record yet offered in support of fact statements. See, e.g., *Sullivan v. Henry Smid Plumbing & Heating Co., Inc.*, 2006 WL 980740, at *2 n.2 (N.D.Ill. Apr. 10, 2006); *Tibbetts v. RadioShack Corp.*, 2004 WL 2203418, at *16 (N.D.Ill. Sept. 29, 2004).

Target, as the party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Only if the motion is supported by a *prima facie* showing that the moving party is entitled to judgment as a matter of law, does the party opposing the motion have to show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex,* 477 U.S. at 323; *Patrick v. Jasper County*, 901 F.2d 561, 564-566 (7th Cir.1990).

Rule 56.1 requires that a party moving for summary judgment file and serve on the nonmoving party several documents, including "a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3). With respect to the alleged hearsay objections, the Court notes that in ruling on a motion for summary judgment, the Court considers only evidence that would be admissible at trial. See *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Also, the Court may disregard statements and responses that do not properly cite to the record. See *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809-810 (7th Cir. 2005);

*Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). The Seventh Circuit has consistently upheld strict enforcement of Rule 56.1. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

## Discussion

Plaintiff brings a common law negligence claim against Defendant. Defendant argues that Herrera cannot sustain her negligence claim because Target had no duty toward her and cannot be found to have negligently maintained its premises. Mem. of Law in Supp. Of Mot. for Summ. Judg. ¶ 14.

The essential elements of common law negligence in Illinois are: (1) the existence of a duty running from the defendant to the plaintiff; (2) a breach of that duty; (3) an injury proximately caused by the breach of duty. *Pavlik v. Wal-Mart Stores, Inc.,* 323 Ill.App.3d 1060, 1063, 753 N.E.2d 1007, 1010 (2001) (internal quotes omitted). "In order to recover on a negligence claim, plaintiff must set out sufficient facts to establish that the defendant owed a duty to plaintiff, that defendant breached that duty, and that the breach proximately caused injury to plaintiff." *Grillo v. Yeager Constr.*, 900 N.E.2d 1249, 1251 (citations omitted). The existence of this duty is considered a question of law to be determined by the court. *Id.* The factors for a court to consider in examining the existence of a duty include: the reasonable forseeability of injury; the likelihood of injury; the magnitude of the burden to guard against it; and the consequences of placing blame on the defendant. *Id.* at 226-27.

In determining forseeability Illinois courts are informed by the § 343 of the Restatement (Second) of Torts. *LaFever v. Kemlite Co.*, 706 N.E..2d 441, 447 (Ill. 1998). Section 343 states:

> A possessor of land is subject to liability for the physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

The trier of fact may also consider the plaintiff's fault, if any, in determining whether the defendant was negligent. *Simich v. Edgewater Beach Apartments Corp.,* 857 N.E.2d 934, 946 (Ill. App. Ct. 2006) (citing *Ward v. K Mart Corp.*, 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223, 229 (Ill. 1990).

There is an exception to the forseeability prong. "Illinois law holds that persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Hoesly v. Chi. Cent. & Pac. R. Co.*, 153 F.3d 478, 481 (7th Cir. 1998) (applying Illinois law) (citing *Buchelers v. Chi. Park Dist.*, 665 N.E. 2d 826, 832 (Ill. 1996)). Illinois law does not require landowners to protect invitees from open and obvious dangers because "[t]he open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Id*. This is an objective standard in which courts ask whether a reasonable person "exercising ordinary perception, intelligence, and judgment" would notice the potentially dangerous condition and recognize the risk from it. *Deibert v. Bauer Bros. Const. Co.*, 566 N.E. 2d 239, 241 (Ill. 1990) (citing Restatement (Second) of Torts, § 343A, comment b (1965)).

Defendant argues that the act of a person kneeling in front of a store shelf is so "blatantly obvious" that a reasonable person would have recognized it. Defendant relies on *Greene v. Sibley, Lindsay & Curr,* 257 N.Y. 190 (N.Y. App. Div. 1931)*,* in support of its position that it should not be found liable due to Dickinson's leg being in the aisle. Mem. of Law in Supp. Of Mot. for Summ. Judg. ¶ 13. In *Greene,* a store customer tripped over the feet of a store employee who had kneeled down to work on a cash register. *Greene*, 257 N.Y. at 190. Justice Cardozo found that the store employee was "doing a common and simple act in the plain sight of those around him." *Id*. Applying the duty of reasonable care, the Court held that the store owner was not negligent as a matter of law, "What the law exacted of him, however, was only the ordinary prevision to be looked for in a busy world." *Id.*

Defendant argues that a reasonable person in Plaintiff's position would have appreciated the risk of someone kneeling in an aisle because it is a common occurrence and that it would be an impossible burden for Target to protect patrons who are not looking out for individuals kneeling to search for items. Mem. of Law in Supp. Of Mot. for Summ. Judg. ¶ 12. This impossible burden, Defendant assets, is not the type of liability that the law seeks to impose upon landowners. *Id.* ¶ 14. Accordingly, Defendant posits that no duty has been established, therefore, Target cannot be liable for negligence in this case.

The Plaintiff asserts that a material question of fact exists regarding whether the employee's leg in the aisle was "open and obvious." Pl.'s Mem. of Law in Opp. to Def.'s Mot. For Summ. Judg. ¶ 6. According to Herrera, because fluid conditions cannot be open and obvious the trier of fact should assess the opportunity Plaintiff had to avoid the injury. *Id*. In response to Target's citation to *Greene*, Herrera argues that the facts are distinguishable. In

*Greene,* the store customer had been standing inches away from the store employee and "[t]he merest glance would have told her that instead of standing erect, he was down upon his knees." *Greene v. Sibley, Lindsay & Curr*, 257 N.Y. 190 (N.Y. App. Div. 1931).

Plaintiff also argues that because the parties disagree whether Dickinson's leg was an open and obvious danger it is a question of fact. In *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, an Illinois Court of Appeals held that if reasonable minds can differ as to whether a condition is open and obvious such determination involves a finding of fact. 732 N.E.2d 596, 602 (Ill. App. Ct. 2000) ("The "obviousness" of a condition or "[w]hether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact.") (citations omitted). Here, the facts conflict as to whether the Target employee's leg was out before Herrera's approach or whether the Target employee bent down (thus thrusting his leg out) as Herrera sought to go around him. (Def.'s LR 56.1 Stmt., ¶¶ 23, 24; Pl.'s LR 56.1 Resp., ¶ 24.) Plaintiff attempts to controvert this undisputed fact with Plaintiff's deposition testimony that Dickinson did not bend his leg out until she was close to him. (Pl.'s LR 56.1 Resp., ¶ 11; Stmt. of Add. Facts ¶ 2.)

In *Ward v. K Mart Corp.*, 136 Ill.2d 132, 143 (Ill. 1990), the plaintiff had just purchased a large bathroom mirror and was exiting the store, carrying the mirror in front of him, when he collided with a concrete located just outside of the customer door, causing him to sustain injuries. Despite the plaintiff's testimony that he likely noticed the concrete post upon entering the store, when he exited the store carrying the mirror in front of him, his view ahead was blocked so he could not see the concrete post before colliding with it. *Id.* at 225. The parties did

9

not dispute whether the concrete post was "open and obvious." However, the Illinois Supreme Court stated that the proper inquiry was actually "whether, under the facts of this case, [the concrete post] was unreasonably dangerous," which requires an analysis of the context in which the post was found and not in its inherent state. *Id*. at 232 (emphasis added) ("[T]here may also be conditions which, though seemingly innocuous enough in themselves, indeed present an unreasonable danger under certain circumstances."). The *Ward* court found that while landowners are generally not required to anticipate the negligence of their invitees, in certain cases, it must be determined "whether the defendant should reasonably anticipate injury to those entrants on his premises who generally exercise reasonable care for their own safety, but who may reasonably be expected to be distracted, as when carrying large bundles, or forgetful of the condition after having momentarily encountered it." *Id*. (emphasis added) (any negligence found attributable to the plaintiff is properly considered under comparative negligence principles).

      This Court finds, as a matter of law, that Defendant had a duty, as in *Ward*, to protect its customers who are likely to be distracted in the aisles against even open and obvious hazards or forgetful of the condition after momentarily encountering it. Therefore, a question for the jury remains regarding Herrera's theory of the case that the employee's leg was not out until she was passing thus causing her fall. The Court cannot substitute its judgment for the jury on this issue of fact. As the finder of fact, the jury will have to determine whether Herrera actually saw Dickinson's leg in the aisle and/or when she noticed the leg. Wherefore, the Defendant's Motion for Summary Judgment is denied.

**Conclusion**

For the reasons outlined above, the Court denies Defendant Target Corporation's ("Target") Motion for Summary Judgment [Doc. No.43] finding that a material question of fact remains which is properly left for the trier of fact.

SO ORDERED.                                    ENTERED:

DATE: September 30, 2009
                                               _____
                                               HON. MARIA VALDEZ
                                               United States Magistrate Judge